GEO. BORGFELDT CORP. v. UNITED STATES

UNITED STATES v. GEO. BORGFELDT CORP.

GEO. BORGFELDT CORP. v. UNITED STATES

No. 5294.—Invoices dated Sonneberg, Germany, October 8 and September 14 1935, etc.
Certified October 9 and September 18, 1935, etc.
Entered at New York October 28 and September 30, 1935, etc.
Entry Nos. 749589 and 735785/2, etc.

(Decided June 3, 1941)

*James W. Bevans* for the importer.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Daniel I. Auster*, special attorney), for the United States.

OLIVER, Presiding Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, involve the proper dutiable value of certain Christmas-tree ornaments, glass

animals or novelties, fruit picks or cocktail sticks, exported from Germany and imported at the port of New York.

The cases have been submitted for decision on a stipulation entered into by and between counsel for the respective parties, wherein it is agreed, in substance, as follows:

(1) That the Christmas-tree ornaments, glass animals or novelties, fruit picks or cocktail sticks in question were exported from Germany during the period from January, 1935, through December, 1939.

(2) That the instant merchandise is similar in all material respects to that which was the subject of the decision in the case of *F. W. Woolworth Co. et al.* v. *United States*, (Reap. Dec. 5094).

· (3) That the market conditions existing during the period of exportation of the articles in question were similar, if not identical, to the conditions found to be prevailing in the foreign. market as described in the *Woolworth Co.* case, *supra*.

(4) That the record in the *Woolworth Co.* case, *supra*, may be incorporated in and made a part of the record in the present cases.

On the agreed facts, as hereinabove set forth, I find that, on the dates of exportation of the instant merchandise, Christmas tree ornaments, such as and similar to those involved herein, were·freely offered for sale to all purchasers in the principal market of the country of exportation, to wit, the Sonneberg-Lauscha district of Germany, in the usual wholesale quantities and in the ordinary course of trade for consumption in Germany and for exportation to the United States and other countries. I further find that on the dates of exportation of the instant merchandise, glass animals or novelties, fruit picks or cocktail sticks, such as and similar to those involved herein, were freely offered for sale to all purchasers in the principal market of the country of exportation, to wit, the Sonneberg-Lauscha district of Germany, in the usual wholesale quantities ·and in the ordinary course of trade for exportation to the United States.

. Accordingly, I hold as matter of law:

(1) That the proper dutiable foreign and export values of the Christmas-tree ornaments exported prior to January 1, 1938, are the *per se* unit invoice prices, plus packing and cost of cases as invoiced.

(2) That the proper dutiable foreign and export values of the Christmas-tree ornaments exported subsequent to January 1, 1938, are the *per se* unit invoice prices, plus 3½ per centum social assessments, plus packing and cost of cases as invoiced.

(3) That the proper dutiable export values of the glass animals, novelties, and fruit picks or cocktail sticks exported prior to January 1, 1938, are the *per se* unit invoice prices, plus packing and cost of cases as invoiced.

(4) That the proper dutiable export values of the glass animals, novelties, and fruit picks or cocktail sticks exported subsequent to

January 1, 1938, are the *per se* unit invoice prices, plus 3½ per centum social assessments, plus packing and cost of cases as invoiced.

In addition to all the foregoing, the cost of all the containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, as invoiced, whenever reported as dutiable by the appraiser.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed.

Judgment will be rendered accordingly.